**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| MORGAN GEORGIA, *individually, and on behalf of others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>BAR VEGAN LLC, AARON MATTISON, JASON CRAIN, and AISHA "PINKY" COLE,<br><br>Defendants. | Civil Action File No.:<br><br>_____<br><br>**JURY TRIAL DEMANDED** |

**COLLECTIVE ACTION COMPLAINT**

Named Plaintiff Morgan Georgia ("Named Plaintiff"), individually and on behalf of others similarly situated, files this Complaint against Defendants Aaron Mattison, Jason Crain, and Aisha "Pinky" Cole (the "Individual Defendants"), and Bar Vegan LLC ("Bar Vegan") (collectively Bar Vegan and the Individual Defendants are referred to as "Defendants"), and alleges as follows:

**NATURE OF THE ACTION**

1.     This is a collective action for unpaid minimum and overtime wages brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").

2.     In this collective action, Named Plaintiff alleges that Defendants

willfully violated the FLSA by failing to pay Named Plaintiff and other similarly situated hourly employees ("Plaintiffs") minimum wages for the hours Plaintiffs worked and continue to work, failing to pay appropriate overtime rates, and by retaining Plaintiffs' tips received from Defendants' customers.

3.      Specifically, Named Plaintiff alleges that Defendants treat or treated Named Plaintiff and other similarly situated Plaintiffs as "tipped employees" because these employees receive tips from Defendants' customers. Defendants claim a "tip credit" against their federal minimum and overtime wage obligations owed to Plaintiffs under the FLSA in order to pay Named Plaintiff and other similarly situated employees less than $7.25 per hour in direct wages

4.      Defendants, however, fail to comply with the FLSA's legal requirements for taking advantage of the tip credit. Because Defendants do not permit their tipped employees to keep all of their tips, Defendants cannot claim the tip credit and must pay Named Plaintiff, and all similarly situated employees, the full minimum wage and overtime wage for all the hours Plaintiffs worked and continue to work plus the tips that have been retained.

5.      The proposed class of Plaintiffs that Named Plaintiff seeks to represent, and on behalf of whom Named Plaintiff files this collective action, consists of all employees classified by Defendants as "servers" and "bartenders" who are paid less

than $7.25 per hour, receive tips from Defendants' customers, and who worked at Defendants' "Bar Vegan" restaurant in Atlanta, Georgia within three years of the filing of this complaint.

## THE PARTIES

6.      Defendant Bar Vegan is a foreign limited liability company with its principal office address located at 330 Peters Street SW, Suite 104, Atlanta, Georgia 30313, and it operates as a restaurant and bar of the same name.

7.      Bar Vegan may be served with process through its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

8.      Individual Defendant Aaron Mattison is an owner and manager of Defendant Bar Vegan and may be served wherever he may be found.

9.      Individual Defendant Jason Crain is an owner and manager of Defendant Bar Vegan and may be served wherever he may be found.

10.      Individual Defendant Aisha "Pinky" Cole is an owner and manager of Defendant Bar Vegan and may be served wherever she may be found.

11.      Named Plaintiff Morgan Georgia worked for Defendants as a bartender from March 2020 until October 2022.

12.      Named Plaintiff consents in writing to join this action pursuant to 29

U.S.C. § 216(b). *See* Exhibit 1.

13.     Other servers and bartenders, who are similarly situated to Named Plaintiff, are interested in joining this collective action.

14.     For example, Amber Abney works or worked as a server or bartender for Defendants and consents to join this collective action as a party Plaintiff. *See* Exhibit 2.

15.     For example, Kandus LeBlanc works or worked as a server or bartender for Defendants and consents to join this collective action as a party Plaintiff. *See* Exhibit 3.

**JURISDICTION AND VENUE**

16.     Under 28 U.S.C. § 1331, this Court has jurisdiction over Plaintiffs' claims because the claims raise questions of federal law.

17.     Under 28 U.S.C. § 1391(b) and Local Rule 3.1(B), venue is proper in this division because at least one Defendant resides in this division and a substantial part of the events or omissions giving rise to the claims occurred in this division.

18.     Defendant Bar Vegan is subject to personal jurisdiction in this Court because it conducts substantial business in Georgia and has a registered agent in Georgia.

19.     Individual Defendants are subject to personal jurisdiction in this Court

because they reside in and/or conduct substantial business in Georgia directly related to the claims asserted herein.

## DEFENDANTS ARE COVERED BY THE FLSA

20.     Bar Vegan is an enterprise engaged in commerce or the production of goods for commerce.

21.     Bar Vegan operates a restaurant in Atlanta, Georgia located at 675 Ponce De Leon Ave., Atlanta, Georgia 30308.

22.     At Bar Vegan, Defendants employ two or more individuals who engage in commerce, the production of goods for commerce or who handle, sell, or work with goods or materials that have moved in or were produced for commerce.

23.     Bar Vegan employs two or more individuals who regularly communicate across state lines using the interstate mail and telephone while performing their job duties.

24.     Bar Vegan employs two or more individuals who regularly communicate across state lines using the internet while performing their job duties.

25.     Bar Vegan's employees handle and use materials that have traveled through interstate commerce, such as cleaning supplies, computers, telephones, fax machines, and food and beverage products, while performing their job duties.

26.     Bar Vegan employs two or more individuals who process credit card

transactions while performing their job duties.

27.     Bar Vegan's gross annual sales and business done for each of the three years preceding the filing of this Complaint exceeds $500,000.

## DEFENDANTS EMPLOYED THE PLAINTIFFS

28.     Bar Vegan and the Individual Defendants employed the Plaintiffs within the meaning of the FLSA.

29.     Bar Vegan and the Individual Defendants have the authority to hire and fire the Plaintiffs.

30.     Bar Vegan and the Individual Defendants determine the employment policies applicable to Plaintiffs.

31.     For example, the Individual Defendants prepared and disseminated the Bar Vegan employee handbook to Plaintiffs which sets forth the employment policies applicable to Plaintiffs at Bar Vegan.

32.     Bar Vegan and the Individual Defendants have the authority to modify the employment policies applicable to Plaintiffs.

33.     Bar Vegan and the Individual Defendants determine how much, and in what manner, Plaintiffs are compensated.

34.     Bar Vegan and the Individual Defendants maintain the employment records, such as time and pay records, for Plaintiffs.

35.    As set forth more fully herein, Bar Vegan and the Individual Defendants developed and implemented the policy whereby Defendants take and retain significant percentages of Plaintiffs' tips received from Bar Vegan's customers for the benefit of Defendants and not for the benefit of Plaintiffs or other validly tipped employees.

## FACTUAL ALLEGATIONS CONCERNING PLAINTIFFS' COMPENSATION

36.    Defendants operate the Bar Vegan restaurant in Atlanta, Georgia.

37.    Plaintiffs worked for Defendants as hourly-paid servers and bartenders at Bar Vegan.

38.    For example, Named Plaintiff Morgan Georgia worked for Defendants as a bartender at Bar Vegan from March 2020 until October 2022.

39.    Customers of Bar Vegan regularly leave discretionary gratuities ("tips") for the benefit of Plaintiffs.

40.    The tips left by customers at Bar Vegan belong exclusively to the Plaintiffs to whom the tips are given.

41.    Because Plaintiffs regularly receive tips from Defendants' customers, Defendants classify Plaintiffs as "tipped employees" and take a "tip credit" against Defendants' obligation to pay Plaintiffs the required $7.25 per hour minimum wage and related correct overtime wage rate required under the FLSA.

42.     Because of their attempts to take advantage of the FLSA's tip credit regulations, Defendants instead pay the Plaintiffs $2.13 per hour for the hours Plaintiffs work.

## DEFENDANTS FAIL TO PROVIDE LEGALLY SUFFICIENT NOTICE OF THE TIP CREDIT

43.     To be entitled to take the tip credit, Defendants must provide Plaintiffs with advance, legally sufficient notice of the tip credit regulations.

44.     However, Defendants fail to inform Plaintiffs at Bar Vegan of the amount of cash wages Defendants pay Plaintiffs.

45.     Defendants fail to inform Plaintiffs at Bar Vegan of the amount Defendants claim as a tip credit against the federal minimum wage.

46.     Defendants fail to inform Plaintiffs at Bar Vegan that the tip credit claimed by Defendants cannot exceed the amount of tips received by Plaintiffs.

47.     Defendants fail to inform Plaintiffs at Bar Vegan that all tips received by Plaintiffs must be retained by them, except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips.

48.     Defendants fail to inform Plaintiffs at Bar Vegan that the tip credit will not apply to Plaintiffs unless Plaintiffs receive notice of Defendants' obligations under the tip credit.

49.     Because Defendants do not properly inform Plaintiffs that Defendants

take a tip credit against their minimum and overtime wage obligations, Defendants cannot claim a tip credit and must pay Plaintiffs the full minimum wage and correct overtime rate for the hours Plaintiffs work.

**DEFENDANTS DO NOT PERMIT PLAINTIFFS TO KEEP THEIR TIPS**

50.    An employer that takes a tip credit against its minimum wage obligations is prohibited from using an employee's tips for any reason other than that which is statutorily permitted under the FLSA.

51.    As such, to be entitled to take a tip credit against their minimum and overtime wage obligations and pay the Plaintiffs less, Defendants must permit Plaintiffs to keep all their tips received from Bar Vegan's customers.

52.    While Defendants can require Plaintiffs to give a portion of their tips to other tipped employees as part of a valid tip-pooling arrangement, Defendants cannot require Plaintiffs to give any portion of their tips to non-tipped employees and Defendants cannot simply retain the tips.

53.    Here, Defendants cannot legally claim a tip credit because Defendants do not permit Plaintiffs to keep all their tips and instead require Plaintiffs to give a percentage of their tips to non-tipped employees, specifically to Defendants, among others, and Defendants retain the tips for business operational purposes.

54.    For example, Defendants require Plaintiffs to give up to twenty-five

percent (25%) of their tips for every shift worked by Plaintiffs to the "House," meaning to Bar Vegan and the managers and owners of Bar Vegan.

55.     The percentage of tips paid to the "House" is reflected on Defendants' Payout Reports on their point-of-sale system which can be and are printed using Defendants' TouchBistro Pro system.

56.     The percentage of the tips taken by the house are used by Defendants for operational expenses and other improper and unlawful purposes under the FLSA.

57.     Named Plaintiff and other Plaintiffs regularly questioned Defendants during their shifts, at staff meetings and when receiving their paychecks about the significant percentage of their tips that Defendants retained.

58.     At times Defendants told Plaintiffs that retained tips were provided to bar backs at Bar Vegan, but the bar backs did not receive the retained tips.

59.     At other times Defendants told Plaintiffs that the retained tips were retained by Defendants to purchase glassware and bar tools for the restaurant.

60.     When Plaintiffs would ask for additional information regarding the retained tips or stated that the tip retention policy was improper at staff meetings, Defendants would make statements to Plaintiffs such as "25% of the tips go to the house. That is our policy. If you don't like it, find another place to work."

61.     The managers and owners of Bar Vegan are not tipped employees and

Plaintiffs cannot be required to give a percentage of their tips to the Bar Vegan managers and owners.

62.     Tips similarly cannot be retained by Defendants for business operational purposes.

63.     Because Defendants require Plaintiffs to give a percentage of their tips to Bar Vegan through its managers and owners, who are non-tipped employees, and tips cannot be retained by the employer for its business operations, Defendants cannot claim a tip credit against their federal FLSA-mandated minimum and overtime wage obligations and must pay Plaintiffs the full minimum wage and correct overtime rate wage for all the hours Plaintiffs worked.

64.     Additionally, the FLSA provides that an employer may not keep tips received by its employees for any purposes, regardless of whether the employer takes a tip credit against its minimum wage and overtime obligations.

65.     Accordingly, in addition to unpaid overtime and minimum wages, Defendants are required to pay Plaintiffs for all tips that were retained by Defendants.

**COUNT 1: VIOLATION OF THE FLSA**

66.     Named Plaintiff Morgan Georgia worked approximately 25-30 hours per week while employed as a bartender at Bar Vegan and earned $2.13 per hour for

the hours that she worked.

67.    Because Defendants cannot claim the tip credit against their minimum wage obligations, Defendants must pay Morgan Georgia the full minimum wage (i.e., $7.25 per hour) for all hours worked.

68.    Other servers and bartenders at Bar Vegan worked similar hours and were paid $2.13 per hour for the hours they worked because the Defendants claimed the tip credit for those Plaintiffs.

69.    Defendants must pay the servers and bartenders at Bar Vegan who opt into this case the full minimum wage (i.e., $7.25 per hour) for all hours worked because they retained percentages of those Plaintiffs' tips for unlawful purposes.

70.    Defendants must pay the servers and bartenders at Bar Vegan who opt into this case the full, correct overtime wage for all hours worked over 40 hours during any workweek based on the correct regular rate.

71.    Defendants must pay Plaintiffs for all retained tips.

72.    Such failure to pay appropriate wages in violation of the FLSA damaged Plaintiffs and similarly situated employees in an amount to be proven at trial on this matter.

73.    Plaintiffs and similarly situated employees are entitled to liquidated damages in an amount double to the unpaid wages under 29 U.S.C. § 216(b), §

216(c).

74.     Plaintiffs are entitled to recover their attorneys' fees, reasonable expenses and costs incurred in bringing this action under 29 U.S.C. § 216(b).

## COUNT 2: WILLFUL VIOLATION OF THE FLSA

75.     Defendants claim a tip credit against their federal minimum wage obligations with respect to Plaintiffs and pay Plaintiffs $2.13 per hour in direct wages.

76.     However, Defendants cannot legally claim a tip credit against the minimum wage because Defendants fail to permit Plaintiffs to keep all their tips and fail to provide Plaintiffs with advance, legally sufficient notice of the tip credit regulations.

77.     Because Defendants cannot legally claim a tip credit, Defendants must pay Plaintiffs at least $7.25 per hour for all hours worked.

78.     Defendants do not pay Plaintiffs at least $7.25 per hour for all hours worked and instead pay Plaintiffs $2.13 per hour.

79.     At a minimum, Defendants were questioned by Plaintiffs and put on notice about the improperly retained tips, and Defendants admitted the tips were retained for unlawful purposes such as purchasing glassware and bar tools for Bar Vegan.

80.     By knowingly retaining tips and failing to pay Plaintiffs at least $7.25 per hour, Defendants willfully violated the FLSA.

81.     Defendants know, or should have known, that to legally claim a tip credit against the federal minimum wage, Defendants must provide Plaintiffs with legally sufficient notice of their intent to take the tip credit and must permit Plaintiffs to keep their tips.

82.     The federal regulations clearly state that to claim a tip credit Defendants must inform Plaintiffs of the tip credit regulations and must permit Plaintiffs to keep their tips.

83.     In fact, the federal tip credit regulations expressly prohibit managers and owners from receiving any amount of the tips received by tipped employees.

84.     The federal tip credit regulations expressly prohibit employers from keeping tips received by their employees regardless of whether the employer takes a tip credit under the FLSA.

85.     Defendants either consulted these regulations and failed to comply with them—which demonstrates an intentional violation of the FLSA—or failed to consult these regulations which shows a reckless disregard of Plaintiffs' rights under the FLSA.

86.     Because Defendants intentionally and willfully violated the FLSA,

Plaintiffs are entitled to: (1) their unpaid wages; (2) their retained tips; and (3) liquidated damages for a period of three years prior to the filing of this Complaint under 29 U.S.C. § 255.

## DEMAND FOR JUDGMENT

Plaintiffs respectfully request that the Court:

I.      Conditionally certify this case as a collective action under 29 U.S.C. § 216(b) and approve the issuance of a notice of this lawsuit to similarly situated collective action class members informing them of their right to join this action;

II.     Rule that Defendants' actions, policies, and practices violated, and continue to violate, the rights of Named Plaintiff and others similarly situated under the FLSA;

III.    Rule that Defendants' violation of the FLSA is willful;

IV.     Award Named Plaintiff and others similarly situated all unpaid wages for a period of three years;

V.      Award Named Plaintiff and others similarly situated liquidated damages in an amount equal to their unpaid wages;

VI.     Award Named Plaintiff and others similarly situated all unlawfully retained tips;

VII.    Award Named Plaintiff and others similarly situated liquidated

damages in an amount equal to their unlawfully retained tips;

VIII.  Award Named Plaintiff and others similarly situated their reasonable attorneys' fees, costs, and expenses; and

IX.  Award all other just and appropriate relief to which Named Plaintiff and others similarly situated may be entitled.

## DEMAND FOR TRIAL BY JURY

Named Plaintiff, on behalf of herself and others similarly situated, requests a trial by jury pursuant to Fed. R. Civ. P. 38.

Respectfully submitted: November 11, 2022.

<u>/s/ M. Travis Foust</u>
M. Travis Foust
Georgia Bar No. 104996
Dustin L. Crawford
Georgia Bar No. 758916

**PARKS, CHESIN & WALBERT, P.C.**
75 14th Street, N.E., 26th Floor
Atlanta, Georgia 30309
T: 404-873-8000
F: 404-873-8050
tfoust@pcwlawfirm.com
dcrawford@pcwlawfirm.com

*Counsel for Plaintiffs*